### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

MARCH TERM, 1855, AT ST. LOUIS.

---

MAGUIRE, Appellant, *vs.* VICE, Respondent.

1. A confirmation by the act of congress of March 3, 1807, and a patent is a better legal title than a confirmation by the same act without a patent.
2. A party, who, under the present practice, seeks equitable relief against a legal title, must set forth such a state of facts as would have entitled him to the relief under the old practice.

*Appeal from St. Louis Court of Common Pleas.*

This was an action commenced in January, 1852, for the possession of a lot in the northern part of the city of St. Louis, claimed by the plaintiff to be within what is known as the Brazeau reservation, when truly located.

The following is deemed a sufficient statement of the facts: On the 10th of June, 1794, the Spanish lieutenant governor conceded to Joseph Brazeau four by twenty arpens of land. On the 9th of May, 1798, Brazeau sold the land conceded, to Louis

28—VOL. XX.

Labeaume, reserving for himself four by four arpens in the southern end of the tract. Plaintiff is the legal representative of Brazeau as to this reservation. In 1799, Labeaume obtained from the governor an extension of his tract acquired from Brazeau, and a survey of the whole was executed by Soulard. Plaintiff claims that this survey erroneously included the four by four arpens reserved by Brazeau in his deed to Labeaume. Defendant is tenant of the legal representatives of Labeaume. On the 22d of September, 1810, the board of commissioners confirmed 356 arpens to Labeaume or his legal representatives, and four arpens to Brazeau or his representatives, and ordered that the same be surveyed agreeably to the concession to Labeaume, and as respects the four arpens, agreeably to a reserve made in the deed from Brazeau to Labeaume. Surveys were not executed and approved until February 26, 1852, after the commencement of this suit. Patents for both tracts were isued on the 26th of March following. The patent to Labeaume or his legal representatives embraces the land in Soulard's survey and the land in controversy. The patent to Brazeau is for four by four arpens immediately south of the land patented to Labeaume.

A large mass of evidence was introduced in the court below bearing upon the question of the true location of the four by four arpens reserved by Brazeau in his deed to Labeaume, and this question was submitted to the jury under instructions from the court, the surveys and patents not being treated as conclusive of the true location. Questions were also made upon the Spanish law of prescription, the statute of limitations, and the law of estoppel ; but as none of these questions are touched in the opinion which follows, it is thought useless to set out the facts and the evidence upon which they arose. There was a verdict for the defendant and a judgment thereupon, from which the plaintiff appealed. The cause was argued in this court at a previous term by Mr. *Haight* and Mr. *Todd*, for appellant, and by Mr. *Field* and Mr. *B. A. Hill*, for respondent. Judge Leonard was not then upon the bench.

SCOTT, Judge, delivered the opinion of the court.

This was an action in the nature of an ejectment, begun in January, 1852, by the plaintiff, Maguire, against the defendant, Vice, for a lot of ground situated in the northern part of the city of St. Louis, in which there was a judgment for the defendant.

1. The pleadings presented a case in which the mere technical legal title could be investigated. The title of the plaintiff was a confirmation under the act of congress of the 3d March, 1807, entitled "An act respecting claims to land in the Territories of Orleans and Louisiana." The defendant relied on a confirmation under the same act and a patent thereon. It is evident that, in such a case, the judgment must be for the defendant. The very same titles that were set up in this case came before the Supreme Court of the United States at its last term, in the case of *West* v. *Cochran*, and the judgment was for the defendant, on the ground that the patent was the better title, and that, until the emanation of a patent, the legal title did not pass from the United States by a confirmation under the act of congress aforesaid.

2. Although our present practice act abolishes all distinctions between legal and equitable actions, yet a party who seeks relief on a merely equitable title against a legal title, must, in his pleadings, whether he is plaintiff or defendant, seth forth such a state of facts as would have entitled him to the relief he seeks, under the old form of proceedings. When a party, by his pleadings, sets forth a merely legal title, he cannot, on the trial, be let into the proof of facts which show that, having an equity, he is entitled to a conveyance of the legal title. If he wants such relief, he must prepare his pleadings with an eye to obtain it, and this must be done whether he is seeking relief as plaintiff or defendant.

Judge Ryland concurring, the judgment will be affirmed.