MARCH RIVERS, PLAINTIFF IN ERROR, VS. FONTIE RIVERS, ALIAS FONTIE PARKER, DEFENDANT IN ERROR.

1. It is not erroneous, on motion made for that purpose, to strike out a plea purporting to be an equitable plea which is so indefinite and uncertain in its allegations that it is impossible to tell whether the facts sought to be set up constitute a legal or an equitable defense. Great particularity is required in the framing of such pleas.

2. Where a plea purporting to be upon equitable grounds is not sufficient as an equitable plea, it is properly stricken out, and it is erroneous to reinstate it. Yet, as in this case, all the evidence offered by the defendant and received by the court was properly admissible under her plea of not guilty, and fully sustains that plea, it is held that the error in reinstating the plea does not require the reversal of the judgment.

3. A deed conveying the property in controversy executed to a married woman by a third party, in consideration of her execution,'jointly with her husband, to him of a deed of the homestead of herself and husband and family, is a conveyance upon a valuable consideration received directly by the third party from such married woman; and when such third party had previously executed to the husband a deed for the same premises so conveyed to the married woman, of which she had no knowledge, and which was not recorded for more than a year after the execution and record of the deed to her, she is to be held a subsequent purchaser without notice and for value, in an action of ejectment brought against her by her husband, who had in the time intervening between the execution of the deed to her and the bringing of his action obtained a divorce from her.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion.

*Call & Adams*, and *John Wallace*, for Plaintiff in Error.

No Appearance for Defendant in Error.

LIDDON, J.:

The plaintiff in the court below, who is plaintiff in error in this court, brought an action of ejectment against the defendant below, who is defendant in error in this court, to recover a portion of a town lot in the village of Oakland in Duval county. The defendant first plead the general issue, not guilty, upon which the plaintiff joined issue, and afterwards filed an equitable plea which, omitting formal parts, is as follows: "That about the fall of 1883 she was married to the plaintiff; that about a month afterwards plaintiff purchased from one Dr. Paine certain premises, and that she went there to live with him as his wife as aforesaid, she having at that time several infant children by a former marriage. That there was no issue of her marriage with plaintiff; that after she had lived with plaintiff, together with her said children, upon said premises, occupying same with him as their common home for about four years, plaintiff informed her that he was about to exchange said homestead for another piece of property then owned by John H. Hall, to-wit: that which is sued for in this action. And defendant says she declined to execute with plaintiff the necessary deed to effect the exchange of said property by the plaintiff, unless and until plaintiff agreed with her that if she would do so, he would make her a gift of said property which he was to obtain by said exchange, and that the plaintiff then and there promised her that, if she would execute said necessary conveyance, he would make her a gift of said premises, to-wit: the same land involved in this

suit. And that, therefore, in consideration of plaintiff's said promise to her she joined the plaintiff in the deed he desired her to execute, in order to carry out said contemplated exchange. And further, that so soon afterwards as said premises were put in a habitable condition she went with plaintiff and her said children upon the same, and remained there occupying said place with said plaintiff, her then husband, and her said children, as their common homestead, until the plaintiff became so addicted to drinking that he abandoned the defendant, and did not come about her or the place, except at intervals when under the influence of liquor he came only to annoy and distress the defendant and her said children. That some time in 1891 a decree of divorce was rendered by this court annulling said marriage. That plaintiff had not for a long time before he obtained said decree lived upon the said premises, but that she has remained there continuously with her said children, occupying same as her and their home, having gone into possession thereof as a gift from her said husband under the circumstances hereinbefore alleged. And defendant further says that she received a deed from John H. Hall November 15th, 1887, conveying said premises to her, and that she understood that it was made and delivered to her in completion of said gift of said premises from her said husband. And defendant further says that she never knew until long afterwards, to-wit: some time in the year 1891, that the said Hall had also made a deed of said premises to her said husband, and this discovery was made by her when she was testifying in a certain suit in chancery brought for the purpose of foreclosing an alleged mortgage by the Florida Savings Bank and Real Estate Exchange

against her and her said husband, the said March Rivers, the plaintiff in this case. And defendant says she contributed of her money, earned by her by her personal labor, to the erection of the dwelling house upon said premises in dispute, after her said husband had made her a gift of the same as aforesaid. And so it is that this defendant alleges that said premises belong to her by reason of the said verbal gift from her said husband, perfected by the said deed of conveyance from the said John H. Hall to her, and that it is and has always been since she became the donee thereof, as aforesaid, her homestead; that she is in occupation of it now with her said children, and that the said plaintiff, as a matter of equity and good conscience, should not be allowed to proceed against her in this action of ejectment, and that she should be relieved from the prosecution of said action by him against her, and therefore she prays for a judgment against the said plaintiff upon the equitable grounds set up in this her equitable plea.''

The plaintiff made a motion to strike the equitable plea from the files upon the ground that it did not set up such grounds of equitable defense as, in the event of a judgment at law, would entitle the defendant to relief against such judgment. The court granted the motion and struck the plea from the files. The parties by agreement waived a jury and submitted the case for trial before the judge. Upon this trial the judge rendered judgment for the defendant, and at the time of rendering such judgment stated ''that in so doing he would and did reverse and set aside his former ruling and decision striking out the equitable plea of the defendant.'' This reversal of his former decision, which was a practical reinstatement of the

equitable plea, was made after both parties had con-
cluded all of their testimory, had argued the case and
submitted it to him for final decision.

Both parties claim through conveyances of the prop-
erty by one John H. Hall. The deed of said Hall to
the plaintiff appear to have been executed October
28th, 1887, but it was not recorded until March 14th,
1889. The deed from said Hall to the defendant was
executed November 15th, 1887, and was recorded Jan-
uary 14th, 1888. The plaintiff's was first executed,
but was not recorded until a year and three months
after the record of the defendant's deed. The sub-
stance of the proof was that the parties were formerly
husband and wife, but that the husband plaintiff had
obtained a decree of divorce from the defendant.
During the year 1887 the parties, living then together
as husband and wife, occupied as their homestead
another lot adjacent to that in controversy. The plain-
tiff wished to exchange said lot with said Hall, herein-
before referred to, for the lot now in litigation. The
plaintiff then promised defendant that if she would
join in the execution of the deed of the said home-
stead necessary to perfect such exchange, he would
give her the lot to be so acquired in exchange for the
homestead. Thereupon she executed a deed to the
homestead, together with the plaintiff, to said Hall.
Shortly after the plaintiff handed her the deed exe-
cuted by said Hall to her. That she took possession
of the lot and kept the same under this deed. Hall,
upon the exchange of lots, paid $350 to boot, which
money was received by the plaintiff. The defendant
had no knowledge of the plaintiff's deed until several
years after it was made, and after they had ceased to
live together as husband and wife.

Several errors are assigned. The first of these which we shall notice are those relating to the reinstatement of the equitable plea, and the taking of it into consideration by the court in the entry of its judgment. We have considered this equitable plea. We will not enter upon any critical analysis of the same, but will only say that the indefiniteness and uncertainty of its allegations make it impossible to tell whether the facts sought to be set up by it would constitute a legal or an equitable defense. Great particularity is required in the framing of these pleas. Sedwick & Wait on the Trial of Title to Land, secs. 486, 487; Kahn vs. Old Telegraph Mining Co., 2 Utah 174, text 195; Traphagen vs. Traphagen, 40 Barb. 537; Gibson vs. Chouteau, 13 Wall. 92, text 103, citing Maguire vs. Vice, 20 Mo. 429. The plea was properly stricken out. Not being sufficient as an equitable plea, its reinstatement was erroneous. In view of the circumstances of the case, however, we do not think the error was harmful to the plaintiff, or of such a character as should cause a reversal of the judgment. While it appears that the court in making up its judgment took an improper plea into consideration, one which was not upon file when the trial was had, and upon which no issue had been joined, yet all the evidence offered and upon which the court acted was properly admissible under the defendant's plea of not guilty, and fully sustains that plea. The deed to plaintiff, of which defendant had no knowledge, was not recorded until more than a year after the execution and record of defendant's deed. She was a subsequent purchaser without notice and for value. It is argued that there was no valuable consideration moving from defendant to John H. Hall, who executed a deed of the premises to her. The

deed of Hall was executed to her in accordance with an agreement with the plaintiff, and in consideration of her execution jointly with her husband of a deed to the homestead property given in the exchange for the property in controversy. Such conveyance by her was a valuable consideration and received directly by Hall. Nalle & Co. vs. Lively, 15 Fla. 130, and authorities cited in text 155 *et seq*.

There is no reversible error in the judgment, and it is affirmed.