Pettit v. Coachman and Pettit—Syllabus.

COLLIONS I. PETTIT, APPELLANT, v. S. S. COACHMAN, AND
S. A. PETTIT, APPELLEE.

1. A deed of conveyance of land from the husband to the wife
is not a voluntary deed when the wife has relinquished
her right of dower in other lands and agreed to relinquish
her right of dower in still other lands belonging to the
husband, in consideration of the conveyance.

2. A deed of conveyance of land from the husband to the wife
conveys the title to the wife, and when the conveyance is
not voluntary, the mere failure to record the deed does
not render it void as to a simple creditor of the husband
whose claim is not in excess of the value of the land re-
maining to the husband subject to execution, in the ab-
sence of fraud or other inequitable circumstances.

3. Where the husband has conveyed land to the wife by deed
upon proper, *bona fide* and valuable consideration, such
land is not subject to sale under an execution issued
against the husband in an action brought after the deed
of conveyance was recorded.

4. Where a conveyance of land has been made by deed from
the husband to the wife upon a valuable and *bona fide* con-
sideration not named in the deed, and the land has been
sold under execution against the husband issued in an
action brought after the record of the deed of conveyance,
such sale is a cloud upon the title of the wife which
equity may remove.

This case was decided by Division A.

Appeal to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the
Court.

*F. M. Simonton* and *E. B. Drumwright,* for Appellant.

*Gunby* and *Gibbons,* for Appellees.

WHITFIELD, J.   On May 19, 1904, the appellant, Collions I. Pettit, a married woman, filed in the Circuit Court for Hillsborough county a bill in chancery against S. S. Coachman and S. A. Pettit, husband of the appellant.   The bill alleges that on June 10, 1903, the defendant, S S Coachman, began a suit in the Circuit Court for Hillsborough county against S. A. Pettit and recovered judgment thereon by default on September 4th, following, said judgment being for the sum of $204.21 and costs; that thereafter certain real estate described in the bill was advertised for sale under execution by the sheriff of Hillsborough county and on October 5, 1903, sold; that defendant, S. S. Coachman, was the purchaser at said sale, paying for the said lands the small sum of one hundred dollars which was credited upon his said judgment; that a large portion of the said real estate sold and purchased by said defendant, the description being given, was and is the separate property of complainant and not that of her husband; that said tract of land was acquired by complainant's husband in the year 1883 by homestead; that subsequently, on the 2nd day of August, 1893, he conveyed the said property directly to complainant as shown by a copy of the deed annexed and made a part of the bill; that the consideration of said deed as expressed on the face thereof was one dollar, but that in fact the said conveyance was made in fulfillment of a promise on the part of the S. A. Pettit, complainant's husband, to convey real property to her in return for complainant's joining the said S. A. Pettit in the deeds to several described tracts of land theretofore

made; that these several tracts of land were valuable and that complainant would not have joined her husband in the execution of deeds to the same but for his express promise that he would convey to her the said land which he did convey as aforesaid; that the complainant further entered into an agreement with her said husband for the said lands conveyed to her as aforesaid, that he might do as he liked with the remainder of his said property, and that complainant would join in the execution of all deeds without protest or additional compensation or consideration; that at the time of making her the said deed her husband had other property real and personal far in excess of all of his liabilities; that while it is true that even at that time her husband had transactions with the said defendant, S. S. Coachman, the accounts between them were mutual and unbalanced and remained so until the year 1898, when complainant's husband gave the said S. S. Coachman his note for the balance due and it was upon this note that the said S. S. Coachman obtained his judgment as aforesaid; that complainant was not familiar with the formalities required for the transfer of title to real property and that she considered the said deed given her by her husband as aforesaid perfect, and conveyed to her the legal title, and that her husband intended to give such effect to his deed; that complainant entrusted the registry of said deed to her husband, S. A. Pettit, but that through neglect the said deed was not recorded until March 21, 1903; that the said deed was recorded long before the defendant, S. S. Coachman, began suit against complainant's husband; that said defendant, S. S. Coachman, knew as a matter of fact, and was chargeable with knowledge, as a matter of law, with the complainant's rights and equities in the premises; that as to complainant's

property the said S. S. Coachman was not a *bona fide* purchaser at the said execution sale; that his action therein was a fraud upon the rights of complainant; that at the time of the levy of said execution on and sale of complainant's property as aforesaid, complainant was not in the county of Hillsborough, but in the county of Lee, State of Florida; that complainant was in no way a party to the said suit of S. S. Coachman against her said husband; although she knew of the said sale as a matter of fact, she was then financially wholly unable to employ counsel to protect her interests, and that it is only now that she is able to assert her rights by an appeal to this court; that the sale of her said property was wholly void as to complainant; that at the time of the said sale she held both the legal and equitable title thereto and that the said sale in no way affects the title of complainant to the said property, yet complainant says the said sale of complainant's land and the sheriff's deed thereto made to the defendant, S. S. Coachman, cast a cloud upon the title of complainant to the said property and render the land of far less value for purpose of sale; that said lands are wild and uncultivated. The prayers are that the said sale of complainant's land be decreed to be null and void and of no effect, and that the said deed executed by the sheriff of Hillsborough county to S. S. Coachman be declared null and void and in no way transferring any right, title or interest in the said property of complainant to S. S. Coachman, and that all doubts as to and clouds upon the title of complainant be cleared away, and complainant's title thereto be declared perfect, and for general relief. The oath to the answer was expressly waived in the bill.

The defendant, S. S. Coachman, answered, in substance, as follows: He admits that he instituted his suit against

S. A. Pettit and recovered judgment as alleged, and admits that the property described in the bill of the complainant was levied upon, advertised and sold as alleged. He denies that the real estate claimed by the complainant was her separate property; denies that there was any consideration for the execution of the deed from S. A. Pettit to his wife, the complainant; avers that, prior to the time of obtaining the judgment referred to, the said S. A. Pettit and the said complainant had abandoned said property as a homestead; denies that the deefndant, S. A. Pettit, the husband of complainant, had any real or personal property in excess of his liabilities at the time the so-called deed was made from Pettit to his wife, but avers that the said defendant, S. A. Pettit, was at the time insolvent and unable to pay his debts; that at the time of the execution of said so-called deed from Pettit to his wife the complainant well knew that the defendant Pettit was indebted to this defendant and was unable to pay the same; that the deed under which the complainant claims said property was in the possession of the complainant as alleged from the year 1893 until March, 1903, and was never recorded until March, 1903, and that this defendant had no knowledge, either directly or constructively of said deed at the time he took the note from the defendant Pettit upon which he obtained the judgment, nor did this defendant have any knowledge either personal or constructive until the same was filed for record; that he did not know that said deed had ever been recorded until the bill in this cause was filed; that he had no knowledge and has no knowledge of any antecedent promise made by the defendant Pettit to the complainant and did not have any knowledge that the complainant claimed any right, title or interest in and to any

35 S. C.

part of the property described in the complainant's bill until the said bill of complaint in this cause was filed.

A general replication was filed on March 3rd, and on the same day a special master was appointed to take the testimony. Upon hearing on the pleadings, testimony and report of the master the court found for the defendants, and the bill of complaint was dismissed. The complainant took an appeal to the present term of this court, and assigns as errors that the court erred (1) in decreeing the equities to be with the defendant; (2) in finding that the complainant's bill should be dismissed; (3) in finding that the complainant was not entitled to the relief as prayed for in the bill of complaint.

The admissions of the answer and the testimony show in substance that S A. Pettit acquired 160 acres of land in 1883, as a homestead from the United States government; that he conveyed to different parties between the years 1885 and 1888, several parcels of the land aggregating 26 acres, for 15 acres of which he received $350.00, the other 11 acres acres being donated to a railroad and for school purposes, the whole 26 acres being valued at about $405.00; that before his wife would sign the conveyances of these several parcels of the land, the husband, in consideration of the wife joining in such conveyances, promised to convey to the wife about 50 acres of the land for a home; that for said 50 acres the wife promised also to join in conveying the remainder of the land; that the husband executed and delivered to the wife a deed dated August 2, 1893, to about 50 acres of the land, the consideration recited in the deed being one dollar and the value of the land at the time of the conveyance being five hundred dollars; that the deed was delivered to the wife and was

not recorded till March 21, 1903; that the value of the remainder of the land was about eight hundred dollars; that the land was abandoned as a homestead before the deed to the wife was made, by the husband and wife removing to another county; that about 1892, after the homestead was abandoned, the husband became indebted to S. S. Coachman, one of the defendants, and finally gave a note for man, one of the defendants, and finally gave a note for the amount found due in 1898; that "when the suit came up Mr. Coachman wanted to take this land, and then he (the husband) had the deed recorded to keep Mr. Coachman from taking the whole thing;" that the deed was recorded March 21, 1903; that action on the note was begun June 10, 1903, and judgment by default was recovered September 4, 1903, for $204.21 and $19.00 costs; that under the execution issued on such judgment the land claimed by the wife together with other land was sold by the sheriff to S. S. Coachman on October 5, 1903, for $100.00; that in 1893, the husband in addition to the land above mentioned owned about $200.00 worth of personal property; that the land in controversy is wild land.

The conveyance in this case from the husband to the wife was not strictly a voluntary conveyance, for it is shown without contradiction that the wife relinquished her right of dower in other lands the husband had conveyed, in consideration of the promise of her husband to make this conveyance to the wife and that as a further consideration the wife agreed to relinquish her right to other lands of the husband. Nalle v. Lively, 15 Fla. 130; Rivers v. Rivers, 38 Fla. 65, 20 South. Rep. 807. The deed from the husband to the wife conveyed the title to

the wife. See Chapter 5147 acts of 1903; Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Claflin v. Ambrose, 37 Fla. 78, 19 South. Rep. 628; Hill v. Meinhard, 39 Fla. 111, 21 South. Rep. 805; American Freehold Land & Mortgage Co. v. Maxwell, 39 Fla. 489, 22 South. Rep. 751.

The indebtedness of the husband to Coachman was contracted in 1892, and the conveyance to the wife was executed in 1893, but it appears that after the husband made the conveyances in which the wife joined, and also the conveyance to the wife, the land remaining to him subject to execution was worth about $800.00, and the amount of the judgment recovered on his indebtedness was $204.21 and costs; therefore in the absence of any other showing of indebtedness or any showing of actual fraud or other circumstances it cannot be said that the mere failure to record the deed from the husband to the wife rendered the deed invalid as to the simple creditor, S. S. Coachman, who brought his action several months after the deed was recorded. See Hill v. Meinhard, 38 Fla. 111, 21 South. Rep. 805. It is clear from the showing here made that the deed was not a voluntary one, and as it was recorded before the creditor brought his action or acquired a judgment or other lien, the facts of this case give the creditor on equities superior to the rights of the complainant. The legal title of the complainant was not affected by the judgment obtained against her husband, and the sale under the execution against the husband cast a cloud upon the title which equity may remove.

The decree is reversed at the cost of the appellees and the cause is remanded with directions that a decree for

the complainant be entered in conformity with the prayer of the bill.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.