CRAWFORD *et al.* v. WHITMORE *et al., Appellants.*

Division Two, February 13, 1894.

1. **Land**: HUSBAND AND WIFE: EQUITABLE TITLE. Where a husband purchases land with his wife's money and takes the title in his own name, a deed directly from him to her conveys only the equitable title.

2. ———: ———: ———: EJECTMENT. The wife must have the legal title vested in her before she can maintain ejectment for possession of the premises.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED.

*O. D. Jones* for appellants.

(1) "The deed from a husband to a wife or from the latter to the former, is null in law, this arising from their being regarded as one person." *Turner v. Shaw,* 96 Mo. 22. (2) It is clear here that the legal title is in defendants; it is only claimed the wife has the equity conferred on her by her husband's deed made pending defendant's judgment lien. Equitable title will not sustain ejectment while the legal title is outstanding. *Guyol v. Choteau,* 19 Mo. 546; *Thompson v. Lyon,* 33 Mo. 219; *Williams v. Carpenter,* 35 Mo. 52;

*Ford v. French*, 72 Mo. 250; *Dunlap v. Henry*, 76 Mo. 106; *Cowell v. Gray*, 85 Mo. 169.

*Blair & Marchand* for respondents.

(1) Deeds from husband to wife are not void. Certainly not, when husband is simply correcting an error in making deed to her, to whom it should have been made in the first instance. *Turner v. Shaw*, 96 Mo. 22; 2 Kent's Com. [6 Ed.], 166; *Bangert v. Bangert*, 13 Mo. App. 144; *Cooper v. Standley*, 40 Mo. App. 138. (2) The better law is that the title passed to the wife and the husband became the trustee of Mrs. Crawford. They both being parties plaintiff, they can recover. 2 Kent's Com. [6 Ed.], 162, 166; *Woodsworth v. Tanner*, 94 Mo. 124; *Bangert v. Bangert*, 13 Mo. App. 144.

BURGESS, J.—Action of ejectment for seventeen and one-half feet off of the west side of lot 7, in block 13, in Hurdland, Knox county, Missouri. The defendants Whitmore were made parties defendant upon their own motion, as landlords of the defendant Musgrove. Judgment was rendered against him for the possession of the property and $70 damages, and they appealed to this court.

The defendants Whitmore answered separately; admitted that plaintiffs were husband and wife; admitted their possession and denied all other allegations in the petition. The answer of the defendant W. D. Whitmore, after averring that he is the owner of the land in fee, proceeds as follows:

"And for further answer defendant says that before and after Milton B. Crawford was the owner in fee of said lands, and in a merchandising business, he bought flour of the firm of Whitmore & Brother,

VOL. 120—10

then engaged in the milling and flour business in Quincy, Illinois, and thus became indebted to them in the sum of over $300. That said firm was composed (of) this defendant and his brother, Henry R. Whitmore. That said Crawford held himself out to defendant and the world as the owner of said lot and gained credit on the faith of being the owner of his place of business. That the firm of Whitmore Brothers sued Milton B. Crawford, and, in the year A. D. 1889, recovered a judgment againt (him) in this court while he was the owner of said lot in fee and the lien of said judgment attached thereto to his fee simple title and his marital rights therein even if it had been the property of his wife, and while the lien of the said judgment was still alive, and within three years after the rendition of said judgment the defendant caused execution to be issued on said judgment and levied on said land and it was regularly advertised and sold at sheriff's sale and a good and sufficient sheriff's deed made therefor to Henry R. Whitmore, who thereby became the owner of all the title to said land and lot.

"That during the life of said judgment lien Milton B. Crawford made two attempted conveyances of said land, one of one-half of it to codefendant Musgrove, and the other to his wife and coplaintiff. That in the deed to his wife he recites in a series of 'whereases' that his wife was the owner of the means with which he bought the land. That said allegations are not true. That at the time he bought said lot it was vacant, and he has, of his own means, built a house upon it, that now and at the time he bought constituted the main value of the property.

"And defendant says that on the tenth day of January, A. D. 1890, his brother, Henry R. Whitmore, executed to him a good and sufficient deed for said land and lot, and he is now the owner in fee thereof. And

he says that the deed executed by Milton B. Crawford during the pendency of the lien of said judgment was made to defraud prior and existing creditors, to wit, defendant and his brother, Henry R. Whitmore, and is in law and fact fraudulent and void. And defendant asks that both said deeds, the one to codefendant Musgrove and to plaintiff Evaline Crawford be set aside, and far naught held and for general relief and costs of suit."

To this answer plaintiff replied, admitting the entry and possession of the defendant Musgrove, and the making of the deed from M. B. Crawford to his wife and coplaintiff Evaline. Plaintiff read in evidence a deed from Geo. M. Janes and wife to Milton B. Crawford, dated August 20, 1883, for all of lot 7. The plaintiff next read in evidence a deed from Milton B. to his wife Evaline which is as follows:

"This deed, made and entered into on this, the fourth day of June, A. D. 1887, by and between Milton B. Crawford, of the first part, and Mrs. Evaline Crawford, wife of the first party, of the second part, all of Knox county, Missouri.

"Witnesseth, whereas, said first party purchased and took a deed from George N. Janes and wife on August 20, 1883, for lot seven, in block thirteen, in the town of Hurdland, in said county of Knox, at and for the consideration of $130, and which is in said deed stated, and whereas said deed was, on August 24, A. D. 1883, duly filed on record in the recorder's office for said county of Knox, and duly recorded therein, and whereas I bought of Benj. F. Earhart a small house and moved the same upon said lot, and whereas I bought lumber of Ira D. Cottey to repair said house after it was put upon said lots and gave him a mortgage on said house and lot to secure the price and bill of said lumber, which is also filed in and record-

ed in said recorder's office, and whereas the price paid for said house was $40, and for said lumber was $65, and whereas in truth and in fact said lot and said house were bought for said Evaline Crawford, party of the second part, and paid for with her own money and property, and held and managed by said first party, and whereas said deed should have been made to said second party in the first instance instead of to the said first party herein, but through negligence, carelessness and oversight was not done, and whereas said first party had become involved financially, and desiring to secure the said second party the property aforesaid as her own as it should have been done in the first instance, I do hereby, in consideration of the premises and of $1 to me in hand paid by said second party, grant, bargain, sell and convey unto said second party, the following real estate, to wit: lot seven (7), in block thirteen (13), in the town of Hurdland, in the county of Knox aforesaid, to have and to hold the same unto said second party, her heirs and assigns forever, subject to the mortgage, which said second party agrees to pay, against the claims and demands of all persons whomsoever.

"In witness whereof, I, said first party, hereunto set my hand and seal, on this day and year first herein written.

"MILTON B. CRAWFORD.    [SEAL]

"Duly acknowledged and recorded on June 4, 1887."

Defendants Whitmore claim title under a judgment rendered in their favor against the plaintiff Milton B. Crawford in the circuit court of Knox county, on the fourth day of June, 1884; sheriff's levy under execution issued on said judgment and sale made by him, June 17, 1887. The judgment was a lien on whatever

interest Milton B. Crawford had, if any, in the lot and which passed by the sheriff's deed to the defendants.

The evidence showed that the lot was vacant at the time of the sale to plaintiffs, August 20, 1883; that M. B. Crawford bought it from one Ross who owned some interest in it, and that he told him to tell Janes, who held the title, to make a deed to his, Crawford's, wife; that at the time of the rendition of the judgment Crawford was, and has ever since been, insolvent; that at the time of their marriage, July 4, 1878, Mrs. Crawford had about $500 in money, notes and personal property; that her husband bought the lot for her and paid her money for it by her directions; that plaintiffs mortgaged the lot to get money with which to build a house on it, which burned down; that it was insured in the name of her husband, and that he collected the insurance money, with which they bought a house and moved it on the lot, and which was, at the time of the commencement of this suit, occupied by the defendant Musgrove as the tenant of his codefendants.

Although the property may have been paid for with the funds of the wife, the legal title thereto vested in her husband under the deed from Janes to him and passed to defendants Whitmore by the sheriff's sale and deed to them; and even though the plaintiff, Mrs. Crawford, may have had the equitable title, she could not recover in ejectment on such title against the legal title. She must first proceed to have the legal title to the lot vested in her before bringing ejectment for the recovery of its possession.

The deed from the husband to the wife being void in law as held in *Turner v. Shaw*, 96 Mo. 22, she only acquired the equitable title by that deed.

If, however, he had conveyed the lot to his wife through some other person; that is, if he had conveyed it to a third person and that person had conveyed it

to the wife, then she would, by reason of such conveyances, have become vested with the title in fee (*Payne v. Twyman*, 68 Mo. 339), thus doing indirectly what he could not do directly.

We are aware that it was held in *Bangert v. Bangert*, 13 Mo. App. 144 and *Cooper v. Standley*, 40 Mo. App. 138, that when the husband purchases property with the funds of his wife and takes the title in his own name, he may by deed convey the property directly to her and thus pass the legal title, but those cases are in conflict with the decisions of this court, are not supported by authority, and should not be followed. A husband could not, at common law, convey by deed directly to his wife so as to pass the legal title nor is he authorized to do so by statute. The judgment is reversed. All of this division concur.