JULIA S. HILL, BY AND THROUGH HER NEXT FRIEND, ISBON S. GIDDENS, APPELLANT, VS. HENRY MEINHARD, ISAAC MEINHARD, SAMUEL MEINHARD AND E. A. WEIL, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF MEINHARD BROS. & CO., AND JOHN P. HILL, APPELLEES.

1. Where it appears from a deed to a married woman attached to and made a part of her bill of complaint that certain real estate described in the bill is granted, bargained, sold, conveyed and confirmed to such married woman and her heirs and assigns forever, to have and to hold said property with the appurtenances and every part thereof to said married woman and to her heirs and assigns forever, this is a sufficient allegation that such property is her separate statutory property in a bill seeking to enjoin the sale thereof under an execution against her husband.

2. Real estate conveyed by deed to a married woman direct, with words of transfer in the premises, "grant, bargain, sell and convey and confirm unto the said party of the second part (the married woman), and to her heirs and assigns forever, all of the following piece," and a *habendum* and *tenendum* clause "to have and to hold the above mentioned and described premises, with the appurtenances and every part thereof, to the said party of the second part and to her heirs and assigns forever," is the separate statutory property of such married woman.

3. By the stringent rules of common law a conveyance from a husband directly to his wife, without the intervention of a trustee, is void; but in courts of equity the object to be accomplished, and the considerations upon which such conveyances are made, will be considered, and if found meritorious and free from imposition and fraud, will be sustained; and this rule prevails even as against the husband's creditors.

4. Where a husband purchases and improves real estate with the money of his wife, takes title thereto in his own name without her knowledge or consent, and subsequently conveys the property directly to his wife, without the intervention of a trustee,

before any judgments are recovered against him, such convey-
ance will invest the wife with an equitable title to the land
conveyed.

5. Where a husband purchases land with his wife's money, takes
the title in his own name, and subsequently conveys the land
directly to his wife, no presumption of fraud in such transac-
tion alone arises in favor of a judgment creditor of the hus-
band whose judgment was recovered eleven months after the
record of the conveyance from the husband to the wife.

6. If a wife permits her husband to use her money as his own by
investing it in property in his own name, and the husband ob-
tains credit upon the faith of his apparent ownership thereof,
so as to estop her from interposing a claim to the property as
against her husband's creditors who obtain judgment subse-
quent to the conveyance of such property to the wife by her
husband, this is a matter of defense to such creditors upon a
bill filed by the wife to enjoin a sale of said property under
such judgment, and it is not necessary for such matters of de-
fense to be negatived by allegations in the bill of complaint.

Appeal from the Circuit Court for Hillsborough
county.

STATEMENT.

On April 2, 1888, the appellant, by her next friend,
filed her bill against appellees in the Circuit Court of
Hillsborough county, which, after being held insuffi-
cient on demurrers, was subsequently amended by ad-
ditions so that it alleged the recovery on November 7,
1887, by defendants Meinhard Bros. & Co. of a judg-
ment in the Circuit Court of said county against
defendant John P. Hill for $398.21, the issu-
ance of an execution thereon on February 17, 1888;
the levy of the execution upon certain land therein
described, which is alleged to be the property of the
complainant; the advertisement of the land to be sold
under the levy on the first Monday in April, 1888;

copies of the judgment, execution and notice being attached as exhibits.

It was further alleged that complainant was and had been for seventeen years a married woman, the wife of defendant Hill; that as such she owned a large amount of money, to-wit: $2,500, which subsequent to her marriage with said Hill, *viz:* in 1884 and 1885, she received as an inheritance from her father's estate, who died in the State of Missouri; that after her removal with her husband to Florida he purchased with a portion of her said money the real estate levied upon, the title to which he, through mistake and without her consent, and against her wishes, took in his own name, and with other of her said money built a house and made other improvements on said land to the amount of $500 or $600, and afterwards conveyed by deed said lot, with the improvements, to complainant, as in equity he was bound to do, a copy of the conveyance being made a part of the bill.

It was further alleged that complainant received said sum of $2,500 from her father's estate in 1879; that her father died in Missouri in 1853; that having received said money she, with her said husband, moved to Florida in 1879, where complainant has spent all of said $2,500 except a small sum expended before coming to this State, and except about $800, which was invested by her said husband, her agent, under the laws of Florida, in the purchase of the lot of land mentioned in the years 1884 and 1885, and the further sum of $250 invested by her husband in a five-acre tract of land near the town of Seffner; that no other money save that of complainant was or is invested in said lot levied upon, nor is any other person

8

interested therein save complainant; that while the conveyance before mentioned is one directly from her husband to her, yet she claims that as said property was purchased and the improvements placed thereon for her, and wholly with the complainant's money, the conveyance was good in equity, and that complainant has a good and sufficient title thereto; that in taking the deed in his own name instead of that of complainant the said John P. Hill became and was a trustee for complainant, and held the land in trust for her until the execution and delivery of the deed of conveyance before mentioned; that if the deed be held void and of no effect, still her husband would hold the land in trust for her, and it would be contrary to equity and the laws of Florida to allow the property sold for the debts of her husband, for which she is in no way liable; that if the sale be permitted it will cast a cloud upon complainant's title, and put her to great trouble and expense to remove same and recover the property from the purchaser at such sale. The bill prayed for an injunction against the sale and for subpœna.

The copy of deed attached as an exhibit to the bill purported to be a deed from John P. Hill, party of the first part, to Julia S. Hill, party of the second part, dated August 25, 1886, conveying the property described in the bill, with usual covenants of warranty, to the said complainant, and to her heirs and assigns forever, in consideration of one dollar. It was under seal and executed in the presence of two subscribing witnesses, acknowledged September 4, 1886, and filed and recorded in the office of the clerk of the Circuit Court of Hillsborough county December 3, 1886. The words of transfer in the premises are

"grant, bargain, sell, convey and confirm unto the said party of the second part, and to her heirs and assigns forever, all of the following piece," etc., and the *habendum* and *tenendum* clause of the deed reads as follows: "To have and to hold the above mentioned and described premises, with the appurtenances, and every part thereof, to the said party of the second part, and to her heirs and assigns forever." An injunction as prayed was granted until the further order of the court.

On August 4, 1890, defendants, Meinhard Bros. & Co., filed their demurrer to this amended bill, by which its sufficiency was attacked upon the following grounds: 1st. A general want of equity in the bill. 2d. That it did not set forth with sufficient certainty where the property of the father of complainant was situated; or from what jurisdiction complainant received the same. 3d. That it did not allege that defendants had notice of the claims of complainant to the premises at the time credit was extended to John P. Hill. 4th. That it did not allege that defendants had notice of the claims of complainant at the time of the recovery of their judgment or levy or their execution upon the premises. 5th. That the facts set forth did not sufficiently show the existence of a trust in favor of complainant. 6th. That the bill did not set forth the date upon which the cause of action accrued upon which the defendant's judgment and execution were based. 7th. For other good and sufficient reasons apparent upon the face of said bill.

This demurrer was heard on November 15, 1890, and the court entered a decree sustaining the same and dismissing complainant's bill, at her cost, from which she appealed, and assigns this action of the court as error.

The other facts in the case are stated in the opinion of the court.

*Sparkman & Sparkman*, for Appellant.

No appearance for Appellees.

CARTER, J.:

The court below erred in sustaining the demurrer to the amended bill of complaint. If the deed from the defendant John P. Hill to complainant, his wife, was valid in equity, the language of the conveyance, given in the preceding statement of the facts, constituted the land her separate statutory property (Harwood vs. Root, 20 Fla. 940); and while it is necessary to allege in a bill of this character the nature of the married woman's estate in the property, *i. e.* whether it is her separate statutory property, or her equitable separate estate (Storrs vs. Storrs, 23 Fla. 274, 2 South. Rep. 368), we think this was sufficiently done by making a copy of the deed conveying the property a part of the bill. As to the validity of the conveyance, this court, in the case of Waterman vs. Higgins, 28 Fla. 660, 10 South. Rep. 97, very fully considered the effect of a deed made directly by a husband to his wife; and it was there held that by the stringent rules of the common law a conveyance from a husband directly to his wife, without the intervention of a trustee, is void; but courts of equity refuse to follow in all cases this common law rule, that in equity the object to be accomplished and the considerations upon which such conveyances are made, will be considered, and if found good and meritorious, and free from imposition and fraud, will be sustained. In that case however, no

rights of creditors were involved, but the same equitable rules prevail even as against creditors.

It was alleged in the bill and admitted by demurrer that the lot of land was purchased and improved with money belonging to complainant; that the title to the property was taken in her husband's name by mistake without complainant's consent, and against her wishes; that the money so used was derived by inheritance from the estate of her father who died in Missouri in 1853; that she received the money in 1879 and subsequently removed to Florida, and in 1884 and 1885 her husband with her money purchased and improved the property levied upon; that no other money was invested in the land except her own; that her husband conveyed the property to her August 25, 1886; acknowledged the deed before an officer September 4, 1886, and it was recorded in the clerk's office of Hillsborough county on December 3, 1886. Where a husband purchases land with his wife's money, takes the title in his own name, and subsequently conveys the land directly to the wife, such conveyance will invest her with an equitable title to the land. Crawford vs. Whitmore, 120 Mo. 144, 25 S. W. Rep. 365; Sims vs. Rickets, 35 Ind. 181, S. C. 9 Am. Rep. 679; Taylor vs. Duesterberg, Administrator, 109 Ind. 165, 9 N. E. Rep. 907.

The judgment under which it was sought to subject the land in this case was obtained November 7, 1887, nearly a year after the *record* of this conveyance. This being true, no presumption of fraud in the transaction can be indulged in favor of the judgment creditor; Wilder vs. Brooks, 10 Minn. 50, S. C. 88 Am. Dec. 49; Grant vs. Ward, 64 Maine, 239; Hussey vs. Castle, 41 Cal. 239.

If it be true that the complainant voluntarily permitted her husband to use her money as his own by investing it in this property in his own name, and that he obtained credit from defendants Meinhard Bros. & Co. on the faith of his apparent ownership of the same, and that in consequence thereof, complainant is estopped from interposing a claim thereto as against her husband's creditors. as was the case in Warner vs. Watson, Trustee, 35 Fla. 402, 17 South. Rep. 654, this is a matter of defense of which defendants can avail themselves by answer, and it was not necessary for complainant's bill to negative this matter of defense.

The decree of the Circuit Court is reversed, with directions to overrule the demurrer of Meinhard Bros. & Co. to the bill of complaint, and for such further proceedings as may be agreeable to chancery practice.