SACKMAN v. SACKMAN *et al.*, *Appellants.*

Division One, April 1, 1898.

1. **Practice:** CAUSE OF ACTION: OBJECTION AT THE TRIAL. Before an objection, made for the first time at the trial, that the petition does not state a cause of action, can be sustained, the petition must be so fatally defective that a motion in arrest would lie.

2. **Married Woman:** SUIT AGAINST HUSBAND FOR HER LANDS: PLEADING. In a suit by a married woman against her husband for the possession of her lands, a petition that avers that she is the owner of the real estate in question, that it is her sole and separate property, that her husband struck her and beat her with his fist and was guilty of such cruel and inhuman treatment as to endanger her life and to justify her in living separate and apart from him, that he has exclusive possession of the lands and is preventing her from enjoying any part of the rents and profits thereof, states a good cause of action under section 6865, Revised Statutes 1889, and also one for a proceeding in equity, independent of the statute, where her estate is only a separate equitable one.

3. ———: REMEDIAL STATUTE: "IN HER OWN RIGHT." Section 6865, Revised Statutes 1889, authorizing a married woman to apply to the circuit court for a decree giving her the sole possession and control of real estate which she holds in her own right, where her husband by cruel conduct toward her has given her cause to live separate and apart from him, is a remedial statute, and the words "in her own right" can not be narrowed to mean only lands to which she has the legal title, but include all lands of which she is the real beneficial owner, whether her title be legal or merely equitable.

4. ———: MISCONDUCT: EVIDENCE.  Although a suit in divorce by the wife founded on defendant's misconduct towards her, to which he had filed countercharges, had been dismissed by the court after a hearing, yet she will not be concluded thereby in her suit for the possession of her lands, charging cruel treatment by her husband as her excuse for living separate and apart from him, if the evidence shows that after such divorce suit was dismissed he struck her violently with his fist.

5. ———: DEED IN LIEU OF DOWER.  A deed to a married woman by her husband, which, expressing the usual words of "bargain, sell, convey and confirm" and a consideration of one dollar, is included in a deed of separation, in which in lieu of dower she relinquishes any claim on his real estate and releases him from the obligations of an ante-nuptial contract, is *held* to convey the equitable title to her.

6. ———: SUIT AGAINST HUSBAND FOR WIFE'S LAND: JUDGMENT.  The judgment for plaintiff in a suit by a married woman for the possession of her lands, should not be the ordinary one in ejectment, but should be so framed as to give the wife the sole use and benefit of the real estate, and the husband should be required to surrender to plaintiff the possession of the land within such reasonable time as the court may fix and be restrained from interfering with her right to the control thereof, and an account of the rents and profits since the institution of the suit should be taken and the same awarded to plaintiff,

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REMANDED (*with directions*).

*Wm. Henry* for appellants.

(1)  The allegations in the petition and the judgment of the court simply for the recovery of the land, with damages, costs, and value of the monthly rents and profits, as allowed only in ejectment suits by statute, without decreeing the legal title in plaintiff, make it manifest that the case was tried by the circuit court on the theory that it was a suit at law in ejectment, and not a proceeding in equity or under the married woman's statute; and this involves manifest

error as gleaned from the face of the petition and the judgment, in that the petition shows on its face that plaintiff and defendant were husband and wife, between whom suits at law in ejectment are not maintainable. (2) A deed from a husband to his wife can not in any event vest in the wife any other or greater title in lands than a mere separate interest or estate in equity (*Turner v. Shaw*, 96 Mo. 27; *Crawford v. Whitmore*, 120 Mo. 149; *Pitts v. Sheriff*, 108 Mo. 115); and plaintiff's title deed being direct from her husband can not support any action at law. *Crawford v. Whitmore*, 120 Mo. 149. (3) A proceeding under the married woman's statute is plainly a proceeding at law, and under it the court is only authorized to make such order or decree as shall give the wife the sole use and benefit of such of her real estate as to it may seem reasonable and just, and this real estate is only that which she shall hold in her own right. R. S. 1889, secs. 6865 and 6866. (4) Under said deed the land is not held by plaintiff in her own right, but on the contrary the legal title is held by defendant Sackman, as her husband, during coverture, and during this time he has the right of curtesy. *Cornwell v. Orton*, 126 Mo. 365. (5) The suit for divorce was also a suit for the possession of the same property now in controversy, and the allegations are substantially the same in both cases, and hence the judgment against plaintiff in that suit, shown in evidence by her in this one, ought to bar her right to recover the land. (6) The dismissal of plaintiff's bill in the divorce suit was an adjudication against her as to any criminal conduct or ill-usage toward her by her husband, giving her cause to live separate and apart from him under section 6865, Revised Statutes of 1889, and on her own showing she had no cause of action under that statute, for to justify an abandonment of the husband by the wife, his conduct must have been

such as would entitle her to a divorce (*Droege v. Droege,* 52 Mo. App. 91, and authorities there cited), and during coverture she can only divest her husband of his rights in her real estate for the causes mentioned in said section. *Meriwether v. Howe,* 48 Mo. App. 154. (7) The petition does not state facts sufficient to constitute a cause of action either at law or in equity. (8) The marriage or ante-nuptial contract never had the effect to relinquish or bar plaintiff's dower in any of the lands of defendant Sackman, for at most it could only put her upon her election after the death of her husband as to whether she would take dower or the land granted. *Roberts v. Walker,* 82 Mo. 207. (9) The postnuptial contract or deed did not have the effect to relinquish the dower interest of plaintiff in the eighty acre tract of land other than that sought to be conveyed, for the wife can only relinquish her inchoate right of dower in her husband's lands by joining with him in a deed to a third person. R. S. 1889, sec. 2396. (10) It follows from the two last propositions that there is a mistake and lack of consideration for the conveyance of the land in controversy so far as the relinquishment of plaintiff's dower in the other eighty acres forms the consideration; and it also follows that if the equity powers of the court are called into action in any way under the pleading, then its action must be exclusively in equity for the enforcement of the obligation of the contract (3 Pom. Eq. Jur., sec. 1400); and herein the right to enforcement is not absolute, but discretionary with the court (3 Pom. Eq. Jur., sec. 1404); and before such enforcement there must be mutuality of obligation and remedy, freedom from mistake, fraud or illegality; and the instrument must be fair, equal and just in terms and circumstances, so its performance will not be harsh, oppressive or nugatory. 3 Pom. Eq. Jur., sec. 1405.

*Crosby Johnson* for respondent.

(1) The Supreme Court will not undertake to revise the findings of the trial court in equity cases, unless all the evidence which was introduced in the trial court is set forth in the abstract. *Garrett v. Mining Co.*, 111 Mo. 279; *Trimble v. Wollman*, 62 Mo. App. 541; *Grand v. Cannon*, 118 Mo. 595. (2) The deed from a husband to his wife vests in her an equitable title in the land therein described. *Turner v. Shaw*, 96 Mo. 22; *Pitts v. Sheriff*, 108 Mo. 110; *Crawford v. Whitmore*, 120 Mo. 144. (3) Want of consideration can not be shown against a recital in a deed for the purpose of defeating its operative words. *Bobb v. Bobb*, 89 Mo. 412; *Henderson v. Henderson*, 13 Mo. 151. (4) A wife's release of dower and her undertaking to support herself are a valid consideration for a deed from her husband to herself. *Randall v. Randall*, 37 Mich. 563. (5) Where the husband and wife are living apart she may maintain equitable ejectment against him for the recovery of her separate estate. *McKendry v. Fessler*, 131 Pa. St. 24; *Buckingham v. Buckingham*, 45 N. W. Rep. 504; *Minier v. Minier*, 4 Lans. 421; *Barclay v. Plant*, 50 Ala. 500; *Hardin v. Gerad*, 10 Bush. 259. (6) Where a wife is living apart from her husband she may maintain replevin against him to recover her personal property. *Howland v. Howland*, 20 Hun. 472; *White v. White*, 58 Mich. 546; *Berdell v. Parkhurst*, 58 How. Prac. 102. (7) Plaintiff's agreement to release dower and to support herself was a good consideration for defendant's conveyance to her of the land in dispute. *Garbut v. Bowling*, 81 Mo. 214.

WILLIAMS, J.—This controversy is between the wife upon one side, and her husband and his tenant upon the other. It is concerning the possession of

eighty acres of land conveyed April 10, 1894, by defendant, Rufus C. Sackman, to his wife, the plaintiff in this action. Plaintiff prevailed in the trial court, and defendants appealed.

The facts upon which we rest our judgment will sufficiently appear in the opinion. The points relied upon by appellant will be considered in the order in which they are presented upon the record.

I. Defendants, at the trial, interposed an objection to the introduction of any evidence, assigning as grounds therefor that the petition failed to state a cause of action. Hence it becomes necessary to make a condensed summary of plaintiff's allegations. The petition states, that, at the time of the institution of this suit, plaintiff was the wife of defendant, Rufus C. Sackman; that she was the owner and entitled to the exclusive possession of the land in controversy; that it was her sole and separate property; that she and her husband were living separate and apart from each other; that she had been excluded from any enjoyment of said land and defendant Sackman had placed his co-defendant Wilson in her residence, and that defendants were in the joint occupancy of the property; that prior to their separation her husband was guilty of such cruel conduct toward her that her life and health were endangered and that his treatment of her was such as to justify her in living separate and apart from him; that she undertook to take charge of her property and he struck and beat her with his fist. The value of the rents and profits is then alleged; and it is charged that the property had been damaged by defendants. The petition concludes with a prayer that plaintiff be placed in the sole and exclusive possession of the premises and that defendant Sackman be enjoined from interfering therewith, and for judgment for damages, rents and profits and for all proper

relief.    No demurrer was interposed by defendant.    The court was not asked to require plaintiff to make the petition more definite and certain.

The question of its sufficiency was *first* raised at the trial by an objection to any evidence in its support.    To sustain such an objection the petition must be so fatally defective that a motion in arrest would lie.    *Grove v. Kansas City*, 75 Mo. 672.    We agree with the trial court that the objection to the petition is not well taken.    It is stated therein that plaintiff is the owner of the real estate in question, and that it is her sole and separate property.    It is also alleged that her husband struck her and beat her with his fist, and was guilty of such cruel and inhuman treatment as to endanger her life and to justify her in living separate and apart from him.    It is further averred that he had exclusive possession of the land, and was preventing plaintiff from enjoying any part of the rents and profits.    While the petition contains other statements that may have been unnecessary, yet the above allega- tions are in it.    These averments bring the plaintiff within the express provisions of section 6865, 2 Revised Statutes 1889, page 1609, authorizing a married woman to apply to the circuit court for a decree giving her the sole possession and control of real estate which she holds "in her own right," where her husband by criminal conduct toward her, or ill usage, has given her cause to live separate and apart from him.

It is argued, however, that this statute only applies in cases where the wife has the legal title, and has no application where she has an equitable separate estate. The words "in her own right," in the connection in which they are *here* used, should not be given a restricted or technical meaning.    This is a remedial statute and was intended to provide a plain procedure by which a married woman could obtain the possession

of her real estate and receive, for her sole use, the rents, issues and profits thereof, when forced, by the criminal conduct of her husband toward her, or by his ill usage, to live separate and apart from him. The statute should be so construed as to carry out the objects intended in its enactment and the real estate, that may be set apart to the wife under its provisions, should include that of which she is the real beneficial owner, "in her own right," whether her title be legal or merely equitable.

If, however, the statute should not receive this construction, it can avail defendants nothing. The allegations of the petition are sufficient to authorize a court of equity, without reference to the statute, to protect the plaintiff in the enjoyment of her equitable separate estate, to make suitable provisions out of it for her support, and to prevent the husband, after forcing her to leave him, from taking exclusive possession of her property and appropriating to his sole use the rents and profits of the same. *Walter v. Walter*, 48 Mo. 140; *Barclay v. Plant*, 50 Ala. 509. Where a husband, by criminal conduct toward his wife or ill usage of her, gives her just cause to live separate and apart from him, and causes her so to do, she is entitled to be protected in the enjoyment of her real estate and the rents, issues and profits thereof, whether the legal title is vested in her, or she is simply the equitable owner and the husband holds the legal title in trust for her, and it can not be held that a petition setting out such facts fails to state a cause of action. The plaintiff's petition, therefore, whether treated as a proceeding under the statute, or in equity, independent of the statute, is sufficient.

II.　It is next objected that the evidence failed to establish the allegation of the petition, that defendant Sackman was guilty of conduct toward his wife which

"gave her cause to live separate and apart from him."
There was a divorce suit between the parties. The
wife charged the husband in *that* action with miscon-
duct toward her and' he responded in his cross-bill
with countercharges. The bill and cross-bill, after a
hearing by the court, were dismissed and a divorce
denied. This is set up as a determination against
plaintiff of the issue here of the husband's miscon-
duct. It is unnecessary to consider how far the
parties may be concluded by the result of the
divorce suit. It is shown that, after the trial of the
divorce case, plaintiff went to the residence upon the
land in controversy, and claimed some articles of bed
clothing, and defendant struck her while there with
his fist and hurt her badly. He admits striking her,
but says that it was only a slight lick with his open
hand, and after she had made some demonstration
toward him. He further stated, which tends to show
his feelings upon the subject, that the neighbors told
him that if he had *kicked her down stairs* it would
have been nearer right than giving her a slight tap, as
*he* says he did. It is true that this was after they had
been separated for awhile, *but she was still his wife.*
This assault was subsequent to the divorce suit and
prior to the institution of this action. While this was
not the reason for the *original* separation, it can not
be said that it did not give plaintiff *cause to live separate
and apart* from defendant. The defendant further
testified that he put his co-defendant Wilson in the
house *to keep plaintiff out.* The evidence warranted a
finding for plaintiff upon this issue.

III. The land sued for was conveyed to plaintiff
by her husband, Rufus C. Sackman, on the fourteenth
of April, 1894. It is included in a deed of separation,
executed by both parties, and which, in addition to
conveying the land to her, contains an agreement

upon her part relinquishing all her right of dower or other interest in the remaining eighty acres of land belonging to the husband, releasing him from liability for her support, and for her debts and surrendering her rights under an ante-nuptial contract. It is claimed that the agreement upon her part to release her dower was invalid as such a result could only be accomplished under the statute by the joint deed of husband and wife; and that her other promises can not be enforced. Hence, it is argued, there was no consideration or no sufficient consideration for the conveyance to her of this land. It has been held that a contract for the release of dower, in a deed of separation, wherein real estate is conveyed to the wife in lieu of her dower rights, is *not inoperative* but may become effective and she may be put to her election, etc. *Roberts v. Walker*, 82 Mo. 200; *Garbut v. Bowling*, 81 Mo. 214. The defendant, at any rate, was willing to convey the land to her, and he did, for the expressed consideration of $1 and the agreements upon her part, "bargain, sell, convey and confirm unto the plaintiff, her heirs, executors and assigns" the said real estate in dispute here. It is not merely a *contract to convey*, but the instrument, upon its face, was sufficient to convey to plaintiff the equitable title to the land. *Turner v. Shaw*, 96 Mo. 27; *Pitts v. Sheriff*, 108 Mo. 115; *Crawford v. Whitmore*, 120 Mo. 149. The answer is a general denial. The pleadings do not present any issue that would justify the cancellation of the deed or authorize the court to disregard it. No charge of fraud or mistake is made. The instrument was sufficient upon its face to vest in plaintiff the equitable title as above stated.

IV. The judgment rendered by the circuit court is an ordinary one in ejectment against defendants for possession, damages, rents and profits. The decree should be that defendants be required to surrender

to plaintiff the possession of the land within such reasonable time as the court may fix, and that it be held by her for her sole use and benefit, and defendants be restrained from interfering with her possession, or the enjoyment by her of the rents and profits of said land. The decree, under the statute, should not only award plaintiff the present possession of the land, as is done by the ordinary form of judgment in an ejectment suit, but should be so framed as "to give her the sole use and benefit of such real estate" and the husband should be restrained from interfering with her right to the control thereof, and an account of the rents and profits since the institution of this suit should be taken and the same be awarded plaintiff. The case should be remanded to the circuit court with directions to enter a decree as indicated herein. It is so ordered. BRACE, P. J., and ROBINSON, J., concur.