Alexandro Linares, Administrator, v. Concepcion Garcia de Linares.

No. 830. Decided November 9, 1899.

**1. Homestead—Wife Living Apart from Husband.**

The purchase of and residence on land by the husband, after voluntary separation from him by the wife, does not constitute such property the homestead of the family, where it was never intended by either that the wife should reside there. Henderson v. Ford, 46 Texas, 627, and Clements v. Lacy, 51 Texas, 150, distinguished. (P. 87.)

**2. Same—Allowance in Lieu of.**

Where separation from the husband was without fault of the wife, she was entitled to an allowance from the estate of the deceased husband, in lieu of the homestead, though his residence, not being the homestead of the family, could not be set aside to her as such. (P. 87.)

**3. Husband and Wife—Separation—Forfeiture of Rights—Burden of Proof.**

A wife separating from her husband for sufficient cause does not forfeit her right to the homestead and widow's allowance from his estate; and the burden is upon the administrator resisting such allowance to show the facts from which such forfeiture would result. (P. 87.)

**4. Practice on Appeal—Homestead—Allowance.**

A judgment setting aside to the widow, as homestead, property which was not such in fact, will be affirmed, where the right of the widow to take the same in lieu of homestead allowance was clear, though she had not asked that relief. (Pp. 87, 88.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Webb County.

In the administration of the estate of Pioquinto Linares, deceased, property was set aside to the widow, as homestead, on her application, and this judgment was sustained by the District Court, on appeal by the administrator, but was reversed by the Court of Civil Appeals, on appeal by the widow. The administrator then obtained writ of error.

*Bethel Coopwood,* for plaintiff in error.—The Court of Civil Appeals erred in overruling the District Court's conclusion of law, that the husband was not the head of a family and did not acquire a homestead exempt from forced sale, and in not sustaining such conclusion as the law arising from the facts found by the trial court. Constitution of Texas, art. 16, sec. 50; Rev. Stats., arts. 2395, 1733; Meyer v. Claus, 15 Texas, 517, 518; Jordan v. Godman, 19 Texas, 273; McElroy v. McGoffin, 68 Texas, 209; Reece v. Renfro, 68 Texas, 194; McDannell v. Ragsdale, 71 Texas, 26; Story on Conflict of Laws, sec. 51.

The Court of Civil Appeals erred in holding that plaintiff was entitled to have the lot set apart to her as a homestead, and in not finding in lieu thereof, that, upon the facts found,—the wife's abandoning the husband and his domicile for twenty years without offering to return and never residing in or being a citizen of the United States or the State of Texas,—no right to have the lot set apart ever existed in her favor.

The case of Wheat v. Owens, 15 Texas, 243, does not involve any question of homestead at all, and its citation by the Court of Civil Appeals in the present case has no applicability. It involves the question of the wife's right to a community interest in the land, and was decided against her. In Clements v. Lacy, 51 Texas, 150, also cited by the Court of Civil Appeals, the wife did not come to Texas until after the death of the husband, but she claimed to have remained away with his consent, to superintend the education of their daughter, and subsequently by reason of the late war between the States. But whatever view may be taken of Clements v. Lacy, it did not attempt to overrule Trawick v. Harris, 8 Texas, 317, or Jordan v. Godman, 19 Texas, 273; and the rule in the latter case was declared a rule of property not to be departed from, in McElroy v. McGoffin, 68 Texas, 209, and in Reece v. Renfro, 68 Texas, 194, and the same rule recognized in McDannell v. Ragsdale, 71 Texas, 26. And these cases applied the rule to a wife who was a resident citizen of the United States, but not of the State of Texas. Shall this wholesome rule be discarded to go back to the technical rule as to domicile deduced from fixed intention in Clements v. Lacy, in a case where no such intention even was shown and one in which the wife was an inhabitant of a foreign country for at least thirty years before the husband's death?

*A. Winslow* and *C. A. McLane,* for defendant in error.—The homestead of the husband is the homestead of the wife, and she is upon his death entitled to have it set aside for her use and benefit, so long as she may choose to occupy the same. Constitution of Texas, art. 16, sec. 52; Rev. Stats. 1895, art 2046; Routh v. Routh, 57 Texas, 589; Heidenheimer v. Loring, 6 Texas Civ. App., 560.

The surviving wife is entitled to have the homestead of her deceased husband set aside for her use and benefit, so long as she chooses to occupy the same, even though they were at the time of his death, and had been for years, separated; and especially this is true when such separation was caused, as in this case, by cruel treatment of his wife by said husband. Constitution of Texas, art. 16, sec. 52; Rev. Stats. 1895, art. 2046; Routh v. Routh, 57 Texas, 589; Heidenheimer v. Loring, 6 Texas Civ. App., 560.

GAINES, Chief Justice.—This is a proceeding instituted in the County Court in matter of the estate of Pioquinto Linares, deceased, by Concepcion Garcia de Linares to have set apart to her a certain lot in the city of Laredo, claimed to be the homestead of the family. The application was refused by the County Court and also by the District Court, but the judgment was reversed in the Court of Civil Appeals and judgment there rendered for appellant.

The following are the facts found by the judge who tried the case in the District Court:

"Applicant and deceased were married in the Republic of Mexico about thirty years ago, and separated about the year 1878, the wife going from New Laredo, Mexico, where she and her husband had been living, to Monterey, and there remained until the death of her husband in 1898. The husband came to Laredo, Texas, and in 1897 acquired lot 7 in block 116 in Laredo. He built a house and lived alone on said lot for about one year previous to his death. Husand and wife separated by agreement, the wife being induced thereto by reason of the cruel treatment of the husband. There are no children of the marriage, and there are unpaid debts due by the husband's estate." The inventory showed that the property of the estate consisted only of the lot in question, appraised at $120, and some items of personal property, appraised separately, and amounting in the aggregate to the sum of $18.50.

Article 2046 of our Revised Statutes makes it the duty of the county court at the first term thereof, after an inventory and appraisement of an estate has been returned, to set apart to the widow, minor children, and unmarried daughters of the deceased remaining with the family all such property of the estate as may be exempt from forced sale, with the exception of one year's supply of provisions. The Constitution protects from sale under execution "the homestead of a family." Const., art. 3, sec. 50. The Statute, in providing for exemptions from forced sale, specifies first, "the homestead of the family."

The property in controversy in this case was the homestead of the decedent, but the question arises, was it the homestead of the family? The family in this case consisted of Pioquinto Linares and his wife. It was his residence, but it was not hers. She never lived upon it. Neither did he or she at any time contemplate that it ever should be. The fact that they had agreed upon and had effected a permanent separation precludes the idea that it was ever intended by either that she should reside there. It was clearly not in fact the homestead of a family; nor do we think it can be deemed so in construction of law. The case differs materially from that of Henderson v. Ford, 46 Texas, 627, and also from that of Clements v. Lacy, 51 Texas, 150. In each of these cases it is true the wife never lived upon the land in question; but in each it clearly appears that it was intended both by the husband and the wife that she should do so as soon as circumstances should permit. In the former, a Confederate soldier, who owned land in Texas and lived upon it as his homestead, married in Alabama, he and his wife contemplating at the time of their marriage that it should be their home. It was held that it became their homestead, and that a subsequent conveyance by the husband not joined in by the wife did not pass the title. In the latter case the court say, "that the mere absence of the wife from the State, when not designed as an abandonment of the husband, but with his consent and with the intention to make his domicile here her future home, will not work a forfeiture of her homestead rights." The intention to make the property the home of the wife as well as that of the husband, which existed in both of the cases cited, was absent in the present case.

But while we think that the lot in controversy can not be held the homestead of the family and therefore capable of being set apart to the wife as such, we are of opinion that she is entitled to an allowance from the estate in lieu of exempt property, unless, by her separation from her husband, she has forfeited her rights as surviving widow. Has she forfeited her rights? It is clearly incumbent upon the party who claims the benefit of a forfeiture in such a case to establish the facts from which it results. In Earle v. Earle, 9 Texas, 630, it is held that the wife, by voluntarily abandoning her husband for a series of years without cause, loses her right to the homestead and to the widow's allowance. On the other hand, we have decisions which recognize the rule that the separation of the wife from the husband does not forfeit her rights as a wife where there is a sufficient cause to justify such separation. Wheat v. Owens, 15 Texas, 242; Sears v. Sears, 45 Texas, 557. In this case we have the meager facts that the separation was by agreement between the husband and wife, and "that the wife was induced thereto by reason of the cruel treatment of the husband." The nature and extent of the cruelty does not appear from the court's findings. Presumably, it was sufficient to justify the separation on her part. If not, the administrator who contested her application should have shown it. We therefore conclude that under the facts of this

case it does not appear that the wife had forfeited her right as surviving widow to claim an allowance in lieu of a homestead and other exempt property.

Since we are of opinion that the plaintiff in error was not entitled to have the lot in controversy set apart to her as "the homestead of the family," it may be that, in an ordinary case, we should reverse the judgment of the Court of Civil Appeals and affirm that of the District Court, and leave her to proceed for an allowance in lieu of a homestead. But here the value of this lot is manifestly insufficient to make her a proper allowance in place of exempt property, however humble her condition in life may be. If, instead of asking for this lot as a homestead, she had asked for an allowance in lieu thereof and had chosen to take the lot at its appraised value in part satisfaction of the allowance, the court should have granted her prayer. Rev. Stats., arts. 2747, 2048, Although she prayed that the property be set apart to her as the homestead, yet when it was made to appear upon the hearing that it was not "the homestead of the family" within the meaning of the law, and that there was no other property of any considerable value from which to make up an allowance in lieu of exempt property, the court should have awarded it to her. We think therefore that the Court of Civil Appeals rendered such judgment as the trial court, under the peculiar facts of the case, should have rendered, and therefore its judgment is affirmed.

*Affirmed.*