THOMAS et al. v. TYLER et al.
(No. 1079–4960.)

Commission of Appeals of Texas, Section A.
May 23, 1928.

1. Homestead ⬦⟿35—Where husband and wife occupied one of four apartments in building owned by wife, husband's homestead right on wife's death extended to entire building (Const. art. 16, § 51).

Where wife owned building containing four apartments, and husband and wife occupied one of apartments as homestead at time of wife's death, husband was entitled to claim entire building as homestead, under Const. art. 16, § 51, provided his right to homestead exemption had not been forfeited.

2. Homestead ⬦⟿73—Homestead character of lot attaches to all parts of building erected thereon (Const. art. 16, § 51).

Where lot on which house is located constitutes homestead, under Const. art. 16, § 51, no part of house standing thereon can be subjected to forced sale, as homestead right extends to all improvements, without limit as to their value.

3. Homestead ⬦⟿73—House becomes part of realty to which it is attached, and cannot be separately sold.

House, which is attached to realty, becomes part of land itself, and cannot be seized and sold separately from land.

4. Trespass to try title ⬦⟿35(2)—All defenses, except limitation, may be proved under plea of not guilty, where no affirmative relief is prayed (Rev. St. 1925, arts. 7372, 7373).

Where defendant makes no prayer for affirmative relief, any matter of defense, except limitation, may be proved under plea of not guilty, under Rev. St. 1925, arts. 7372, 7373.

5. Homestead ⬦⟿213—Evidence of defendant's homestead rights in property to which plaintiff sought to recover possession held admissible under plea of not guilty (Rev. St. 1925, arts. 7372, 7373).

In suit to recover title and possession to property, evidence of defendant's homestead rights in property in controversy *held* admissible under plea of not guilty, under Rev. St. 1925, arts. 7372, 7373, where no affirmative relief was prayed.

6. Homestead ⬦⟿181½—Where testatrix, owning property, had occupied it, with husband, as homestead, evidence that she left home and filed divorce suit several days before death was of itself insufficient to make issue of abandonment, in action by devisee to recover possession.

Where husband and wife had resided for several years on premises owned by wife as her separate property, occupying apartment in building as their home, fact that wife left home several days before death and filed suit for divorce against husband, who continued to live there, was insufficient to make issue for jury as to abandonment of homestead, in action by wife's devisee to recover possession from husband.

7. Homestead ⬦⟿181½—Question of abandonment of homestead is generally for jury's determination.

Issue of abandonment of homestead is generally issue of fact, to be determined by jury.

8. Homestead ⬦⟿181(1)—Burden is on party contesting homestead character of premises to prove abandonment.

If property has once been impressed with homestead character, burden is on party seeking to avoid homestead exemption to prove that it has been abandoned.

9. Homestead ⬦⟿179, 181(2)—Husband remaining in possession of homestead owned by wife held not to have forfeited homestead claims by mistreatment of wife, causing her to abandon premises, hence evidence of mistreatment was inadmissible (Const. art. 16, § 52).

Even though husband's mistreatment of wife caused her to abandon premises owned by her and occupied as a homestead, husband did not thereby forfeit or abandon homestead claims, in view of Const. art 16, § 52, where he remained in possession of premises, and hence in action by devisee to recover premises testimony of husband's mistreatment of wife was properly excluded as immaterial.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Mrs. Ida Mae Tyler and husband against Scott C. Thomas and another.   Part

---

of judgment rendered in favor of defendants was reversed and remanded by the Court of Civil Appeals (297 S. W. 609), and defendants bring error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

W. P. Hamblen, of Houston, for plaintiffs in error.

F. A. Williams, of Galveston, and Gill, Jones & Tyler, of Houston, for defendants in error.

NICKELS, J. [1-8] Except in respect to the matter to be discussed, we adopt the opinion of the Court of Civil Appeals (297 S. W. 609) as expressive of our views of the questions involved.

[9] Scott C. Thomas and Bessie L. Thomas were husband and wife—the marital relation begun prior to July, 1922, was not dissolved otherwise than by death of Mrs. Thomas in 1925.

The property (lot and building) involved belonged to Mrs. Thomas in her separate right.

In July, 1922, Mr. and Mrs. Thomas moved into the building and on and in the property established a homestead. They continued, thus, to reside until September 18, 1925; at that time Mrs. Thomas left, went to her daughter's home, thence to Kerrville ("for her health") where she died September 30, 1925. Within five or six days after departure Mrs. Thomas filed suit for divorce ·on grounds of cruel treatment; the case, of course, was never tried. Mr. Thomas continued to occupy the property as his home and still claims a homestead right. Another homestead was not acquired by the spouses, or either of them.

Mrs. Tyler (daughter of Mrs. Thomas by a former husband) is sole devisee. The matter of her claim to the property free of the homestead claim of Mr. Thomas is the subject of the litigation.

On the trial evidence proffered by Mrs. Tyler tending to show cruelties, etc., by Mr. Thomas sufficient to justify (it is assumed), if not to compel, abandonment of him by Mrs. Thomas, was excluded. The Court of Civil Appeals held (and Mrs. Tyler now maintains) this was error, for that the evidence was "admissible and material upon the issue as to whether * * * Thomas had forfeited his right to homestead exemption in his wife's property."

In support of that proposition, Trawick v. Harris, 8 Tex. 312; Earle's Ex'rs v. Earle, 9 Tex. 630; Sears v. Sears, 45 Tex. 557; and Sackman v. Sackman, 143 Mo. 576, 45 S. W. 264—are cited by the Court of Civil Appeals. To the list counsel add Long v. Long (Tex. Civ. App.) 70 S. W. 587, writ denied; Linares v. Linares (Tex. Civ. App.) 51 S. W. 510; Id., 93 Tex. 84, 53 S. W. 579; and Dority v. Dority, 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941.

The point of decision in Trawick v. Harris and in Earle's Ex'rs v. Earle is thus stated in the latter case:

"Can a wife, who has voluntarily abandoned the home of her husband, claim the benefit of the homestead law, after the death of her, husband?" "The principle, involved in this question," it is there said, "was considered and settled" (i. e., in the negative) "in the case of Trawick v. Harris."

Earle's Ex'rs v. Earle, in turn, is reviewed in Lacey v. Clements, 36 Tex. 661, 664, in these words:

"The wife had voluntarily abandoned her husband, and continued her abandonment several years previous to his decease. It was held that she forfeited her claim to homestead and her widow's allowance," etc.

Trawick v. Harris and Earle's Ex'rs v. Earle are mentioned in Sears v. Sears, 45 Tex. 557, as "former decisions" settling inability of a wife to "claim the benefit of the homestead law" if she had, "without any just and .reasonable cause," "voluntarily abandoned her husband, and, without any intention of returning continued to live separate and apart from him until his death." In that case, Sears's Ex'rs v. Sears, the widow sued for the "homestead," etc., of the deceased husband; the fact of her "separation from her husband was not controverted"; in that situation it was held that "whether she did so with or without cause was a question for the jury." In Duke v. Reed, 64 Tex. 705, 713, it is held that:

"The abandonment by Mrs. Dorn having been willful, or, in other words, without [just] cause, and continuing till the death of her husband, she forfeited all claim to the homestead which he owned at the time of his death, and which she refused to share with him,"

—and Trawick v. Harris, Earle's Ex'rs v. Earle, and Sears v. Sears, are cited as authorities. All the cases so far mentioned are cited by Judge Fly in Linares v. Linares (Tex. Civ. App.) 51 S. W. 510, 511, and Earle's Ex'rs v. Earle and Sears v. Sears are cited by Judge Gaines in Linares v. De Linares, 93 Tex. 84, 87, 53 S. W. 579, to a proposition ·identical with that excerpted from Duke v. Reed.

Long v. Long involved a controversy between a wife in possession of the homestead (established in separate property of the husband), on the one hand, and the (alleged) deserting husband and others seeking her ouster, on the other hand; it was held proper for her to prove, in defense of her possession and user, that "she gave * * * no cause" for the husband's desertion. In Dority v. Dority it was held that a husband's mismanagement, etc., of the wife's separate property may be so extreme (as in that case) as to forfeit his right of further control (under statutory provisions then in effect) and that the wife can maintain suit against him to that end. The Missouri case, Sackman v. Sackman, presents a suit by a wife (forced to leave by conduct of the husband) to prevent his further "exclusive possession," etc., of her "separate es-

tate"; it was held she stated a right of action and, having done so, she could adduce proof of the husband's conduct forcing her abandonment.

We have, thus, reviewed the authorities cited for the purpose of showing that they lack warrant for a holding that homestead claims of a spouse remaining in possession and user of the property theretofore dedicated are forfeited or otherwise lost by his nonobservance of marital vows. Defendant in error does not claim the cases to be direct and hard and fast precedents. The argument is that since one spouse drives the other away, their respective positions, by construction, ought to be reversed and the offender regarded as the one voluntarily out of possession and user. This should be done, it is urged, because of the great injustice in allowing the offender to have benefit of the other's property after having driven the owner away. There are other remedies, however; and the injustice supposed is not chargeable to the law, but to the imperfections of mankind and voluntary entry upon the conjugal relation with assumption of incident risks. The stubborn fact of continued actual occupation and user is incontestable evidence against intent to abandon or waive the homestead right—this being the exact reverse of the situations in which abandonment has been ruled as a matter of law or admitted as a jury issue.

In the Constitution (section 52, art. 16) descent and vesting of the homestead (once established and not abandoned) is required to be subject to user of the surviving spouse during life or election. There is, in our view, no judicial authority to create the exception whose existence is necessary to support the claim of Mrs. Tyler. In consequence, the proffered evidence was immaterial.

We recommend that the judgment of the Court of Civil Appeals be reversed and that the judgment of the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.