### FIRST STATE BANK OF CARBON v. THURMAN. (No. 1119–5047.)

Commission of Appeals of Texas, Section A. Jan. 2, 1929.

Barker & Orn, of Cisco, for plaintiff in error.

Chastain & Judkins, of Eastland, for defendant in error.

HARVEY, P. J. This suit was brought by the plaintiff in error, the First State Bank of Carbon, against J. H. Thurman, as maker, and Mrs. S. E. Thurman, his mother, as indorser, of a promissory note held by the bank, and for foreclosure of an alleged vendor's lien securing the payment of the note. Mrs. Kate Thurman, wife of J. H. Thurman, intervened, setting up homestead rights in the land upon which foreclosure of the alleged vendor's lien is sought. The trial court rendered judgment for the plaintiff in error for the amount of the note, with foreclosure of the vendor's lien. The intervener, Mrs. Kate Thurman, appealed, and the Court of Civil Appeals reversed the judgment of the trial court in so far as it foreclosed the lien. 300 S. W. 123.

The material facts are as follows:

Prior to August 20, 1919, J. H. Thurman and his wife, Mrs. Kate Thurman, resided upon the land in controversy, as tenants of F. A. Jones the owner of the land. On that date Thurman bought the land from Jones, paying the full consideration therefor in cash. At the instance of J. H. Thurman, the deed was made by Jones to Mrs. S. E. Thurman, the mother of J. H. Thurman. The deed was promptly recorded, and recited payment of the cash consideration by Mrs. S. E. Thurman. Thurman and his wife continued to use and occupy the land as their home until the trial of this case in the court below. On December 20, 1920, J. H. Thurman had his mother to execute to him a deed conveying him the land for the recited consideration of $1,625 cash, and $1,375 evidenced by a promissory note of even date, executed by J. H. Thurman to his mother.

The cash consideration was not in fact paid, but J. H. Thurman executed to his mother the note for $1,375; the vendor's lien being expressly retained in the deed and in the note to secure the payment of the note. This deed was duly recorded. Thereafter, and before the maturity of the above note, which is the one in controversy, J. H. Thurman had his mother to transfer the note to the Bank of Carbon in payment of an indebtedness which he then owed the bank. At his instance, Mrs. S. E. Thurman indorsed the note to the bank; the indorsement expressing also a transfer of the vendor's lien securing same. The bank, in thus acquiring the note, acted in good faith and in reliance upon the instruments that have been mentioned, and in ignorance of the fact that J. H. Thurman and wife ever had or claimed any title or interest in the land other than as reflected by the deed from Mrs. S. E. Thurman. The bank had no knowledge of the fact that J. H. Thurman had paid the consideration for the deed from Jones to Mrs. S. E. Thurman or that the latter held the title for J. H. Thurman under such deed. Mrs. S. E.

Thurman never at any time laid any claim to the land, except such as may be implied from the facts that have been stated. Until after the bank acquired the note, Mrs. Kate Thurman did not know of the existence of the note, and did not know that the deed from Jones had been taken in the name of Mrs. S. E. Thurman, and did not know of the conveyance from the latter to J. H. Thurman. The evidence discloses that no act of J. H. Thurman was done with intention to defraud his wife in any respect. After the Bank of Carbon acquired the note, and before its maturity, the First State Bank of Carbon, the plaintiff in error, acquired the assets of the Bank of Carbon, including the said note. The fact of occupancy of the land by Thurman and his wife was known to both banks all during the term of such occupancy. The question to be decided is whether or not, under the above facts, Mrs. Kate Thurman holds homestead rights which she is entitled to urge in defeat of the vendor's lien asserted by the plaintiff in error.

 J. H. Thurman having bought the land from Jones, for the benefit of the community estate of himself and his wife, and paid the consideration therefor, the deed from Jones to Mrs. S. E. Thurman had effect to invest the latter with the legal title to the land charged with a resulting trust in favor of said community estate. The homestead rights of Mrs. Kate Thurman, which attached to this equitable interest, were dependent thereon. As against a bona fide holder of legal rights in the land under Mrs. S. E. Thurman, for value and without notice of the equitable interest of the community, the assertion of such interest, by either the husband or the wife, is subject to be precluded by the fraud of the husband. Ranney v. Miller, 51 Tex. 263. The Bank of Carbon acquired the note and lien in due course for a valuable consideration (Blum v. Loggins, 53 Tex. 121), in reliance upon the recitals of the deeds and note in question, and had no knowledge of the real facts of the transactions in which those instruments were executed. The acts of J. H. Thurman estop his wife, as well as himself, from asserting the equitable title or interest which accrued to the community in the purchase from Jones, in so far as the lien claimed by the plaintiff in error may be affected. Ranney v. Miller, supra. Being estopped by the acts of her husband from asserting this equitable title or interest, the only title or interest upon which Mrs. Kate Thurman can base her homestead claim in this suit is such title or interest as the deed from Mrs. S. E. Thurman imports, which, by the terms of the deed, is subject to the vendor's lien in controversy. Her homestead claim is subordinate to the vendor's lien retained in this instrument, under which alone she is entitled in this suit to assert a title or interest in the land. Sparks v. Texas Loan Agency (Tex. Sup.) 19 S. W. 256; New England Safe Deposit & Trust Co. v. Harrell (Tex. Civ. App.) 39 S. W. 142.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court be reversed, and that the judgment of the trial court be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.