ROBERSON et ux. v. HOME OWNERS' LOAN CORPORATION et al.

No. 12952.

Court of Civil Appeals of Texas. Dallas.

Jan. 11, 1941.

Rehearing Denied Feb. 1, 1941.

Phillip O. Lopp, of Dallas, and G. R. Lipscomb and John L. Poulter, both of Fort Worth, for plaintiffs in error.

A. M. Frazier, E. L. Early, and John E. Whitmore, all of Dallas, and Joe T. Goodwin, of Austin, for defendants in error.

BOND, Chief Justice.

The defendant in error, Home Owners' Loan Corporation, plaintiff in the court below, instituted this suit in a district court of Dallas County against plaintiffs in error, as defendants, primarily for debt and foreclosure of deed of trust lien on the property in suit; and, alternatively, in trespass to try title. The parties will be designated herein as they were in the court below.

Plaintiff alleged, in substance, that it was a "corporate instrumentality of the United States of America," and that, on or about the 17th day of January, 1935, the defendants, Marvin Roberson and Catha Roberson, executed and delivered to it a promissory note for the principal sum of $9,500, bearing 5% interest, principal and interest payable in monthly installments of $75.12 per month until paid; and provided that, if default occurred in the payment of any installment of principal or interest, and continued for a period of more than ninety days, the holder of the note could declare the balance due, adding a reasonable attorney's fee if placed in the hands of an attorney for collection, or suit brought. Plaintiff alleged that, simultaneously with the execution and delivery of said note, the makers thereof executed and delivered a deed of trust, conveying the property in suit to a trustee for the use and benefit of plaintiff, to secure the payment of said indebtedness; and that the note and deed of trust were given in lieu and extension of the balance of $8,036.56, principal and accrued interest owing on ten of a series of fourteen certain notes, aggregating $9,000, fully described in a duly recorded deed of trust dated November 12, 1930, executed by Marvin Roberson and Catha Roberson to J. E. Foster, Jr., trustee; and $1,408.11, taxes reasonably levied, validly assessed, and past due against the above described property (in suit), as follows: State and county, $438.51; city, $969.60. The deed of trust, among other recitals and provisions usual in such instruments, recites that, "The grantors herein acknowledge said aforesaid liens to be valid and subsisting liens against the hereinafter described property (property in suit fully described), * * * and the holder of the note hereinafter described (note in suit) shall be and is hereby subrogated to all rights, liens, remedies, equities, superior title and benefits held, owned, and enjoyed by the owner or owners of said indebtedness, all of which is hereby acknowledged and confessed." Plaintiff further alleged the acceleration of the note and deed of trust under the privileges therein granted, and sought judgment for the amount due, principal, interest, and attorney's fees, and for foreclosure of its deed of trust; and, in the alternative, for title and damages under the usual allegations in suits for trespass to try title. Plaintiff vouched into the suit J. E. Foster, Sr., J. E. Foster, Jr., and J. E. Foster & Son, alleged that they were asserting some character of right, title, and interest in the property, inferior, however, to the lien of the Home Owners' Loan Corporation, and sought judgment of foreclosure to run also against the Fosters and their claim or lien against the property.

The defendants filed separate answers, consisting of general demurrer, general denial, and plea of not guilty; and the defendants Marvin Roberson and Catha Roberson further alleged specifically that they executed the note and deed of trust, but denied that they were in default in payment of installments, warranting acceleration of maturity as provided therein; the defendants, Fosters, acknowledged the inferiority of their lien to plaintiff's claim, and, in cross action, sought judgment against their co-defendant Marvin Rober-

son for the value of their note, and foreclosure of their deed of trust against both Marvin Roberson and wife, Catha Roberson.

The cause was tried to the court, without a jury, on plaintiff's primary suit for debt and foreclosure; its alternative plea in trespass to try title was abandoned. The evidence is uncontroverted: (1) That the defendants Marvin Roberson and Catha Roberson executed the notes and deed of trust in suit; (2) that said defendants were in default in the payment of installments for a period of more than ninety days; (3) that there was due and unpaid on said indebtedness, the sum of $9,257.32; (4) that there was due defendants J. E. Foster & Son, on their indebtedness, the sum of $232.55, secured by a deed of trust lien on the property in suit, inferior to plaintiff's deed of trust lien; and (5) that the aforesaid deed of trust liens were valid and subsisting liens against the property; accordingly, judgment was entered in favor of plaintiff, against defendant Marvin Roberson, for the balance due on plaintiff's note, with reasonable attorney's fee, and foreclosure of the deed of trust lien as against all defendants; also, judgment for defendants J. E. Foster & Son, for their debt against the defendant Marvin Roberson, and for foreclosure of their deed of trust lien, secondary to plaintiff's foreclosure, against the defendants Marvin Roberson and Catha Roberson.

The appeal is predicated on the theory that the trial court, under the doctrine of judicial notice, was compelled to take notice of the provisions of the Act of Congress of the United States, known as the Home Owners' Loan Act of 1933, which created the plaintiff corporation for the purpose of extending loans to home owners, and because of which, the property in controversy is presumed, as a matter of law, to have been the homestead of defendants Marvin Roberson and wife, Catha Roberson, prior to the enactment of the law, has been since 1929, and is now the homestead of said defendants; and, under sections 50 and 51, Art. 16 of the Constitution of the State of Texas, Vernon's Ann. St. and Arts. 3832 and 3839 of the Revised Civil Statutes of Texas 1925, Vernon's Ann.Civ.St. arts. 3832, 3839, providing legal means and procedure to perfect a lien against a homestead, the burden was on plaintiff to prove that the lien was created in a manner provided by the Constitution and statutes of Texas. Thus, there being no evidence that the deed of trust lien, which plaintiff sought to foreclose, was a valid and subsisting lien on the homestead of said defendants, the court could not take judicial knowledge of facts, in effect, that the lien was created in compliance with the statute of Texas, and for a purpose authorized by the Constitution.

The Home Owners' Loan Act of 1933, 12 U.S.C.A. § 1461 et seq., was created for the purpose of supplying direct relief to home owners; with respect to home mortgage indebtedness, to refinance home mortgages, to extend relief to the owners of homes occupied by them and who are unable to amortize their debts elsewhere, and to pay, within limits, any accrued taxes, assessments, necessary maintenance, repairs and incidental costs. The Act expressly provides: "(c) The term 'home mortgage' means a first mortgage on real estate in fee simple or on a leasehold (1) under a lease for not less than ninety-nine years which is renewable, or (2) under a lease having a period of not less than fifty years to run from the date the mortgage was executed, upon which there is located a dwelling or dwellings for not more than four families, which is used in whole or in part by the owner as a home or held by him as his homestead, and which has a value of not to exceed $20,000; and the term 'first mortgage' includes such classes of first liens as are commonly given to secure advances on real estate under the laws of the State in which the real estate is located, together with the credit instruments, if any, secured thereby." The national public purpose embodied in the Act is evident,—to afford relief only to home owners, whether a single man or woman, with or without dependents, owning and using real estate in fee simple as a home, or held as a homestead, and to afford benefits to heads of families owning and using property as homes. The law does not contemplate, forsooth, that because the head of a family lives with his wife and children, on the property, such occupancy ipso facto makes the property his homestead. It is quite possible that the head of a family, owning property and occupying it with his family, may never legally designate it as his homestead; and, again, a legally designated homestead may be the subject of a waiver. It has been held in this state, since the earliest de-

cisions, that "intention in good faith to occupy is the prime factor" in impressing property with the homestead character. Intention alone, without overt acts of homestead occupancy, cannot give a homestead right; but, at the same time, it is equally true that all other things combined cannot give it, absent the intention to dedicate it to the uses of a home. Homestead exemption is a right conferred by law upon the head of a family, and unless such party avails himself of such right by pleadings and proof, courts cannot assume facts exist against the validity of an existing debt and lien, or that the homesteaders wish to claim the exemption.

■■ In this case, neither the note nor the deed of trust securing it indicates that the property subject to the indebtedness was defendant's homestead; nor was the homestead character of the property pleaded or proved, or the validity of plaintiff's deed of trust challenged as evading defendants' constitutional rights, or otherwise. Thus, in all legal aspects, the homestead character of the property, if any existed, was effectively waived. Furthermore, because of said defendants' failure to plead homestead as a defense against plaintiff's cause of action for debt and foreclosure, they were not entitled to introduce proof of the homestead issue. Benson et al. v. Mangum, Tex.Civ.App., 117 S.W.2d 169.

■ The Home Owners' Loan Act, providing for extension of loans and liens on homes and homesteads by the corporate plaintiff, in accordance with the laws of the state in which the real estate is located, raises no presumption that the Corporation, in the exercise of its powers and authority thus granted, committed an ultra vires act; it must be presumed, in the absence of pleadings and proof to the contrary, that the Corporation, in extending loans, duly exercised the powers conferred upon it, and that the debt and loan so extended were valid obligations of the makers; courts cannot arbitrarily declare a note and deed of trust invalid.

■ The deed of trust declared upon, signed and acknowledged by both Marvin Roberson and Catha Roberson, recites that, "The note hereinafter described is secured by a first lien against the hereinabove described property (property in suit), being given in lieu and extension of

the following described indebtedness: (then follows a detailed statement of the indebtedness refunded) The grantors herein acknowledge said aforesaid liens to be valid and subsisting liens against the hereinabove described property, and that the payment thereof is expressly requested by the grantors herein to be made by the holder of the note secured hereby, and the holder of the note hereinafter described shall be and is hereby subrogated to all rights, liens, remedies, equities, superior title and benefits held, owned, and enjoyed by the owner or owners of said indebtedness, all of which is hereby acknowledged and confessed. (Next follows a description of the indebtedness involved herein)." We think these admissions by the makers of the note and deed of trust were of such probative force as the court might determine they were entitled to receive; and if, as contended by the defendants, the burden of proof rested upon plaintiff to show that the indebtedness and lien involved in this suit were valid, such admissions of the defendants against their interests justified finding that the liens were valid and subsisting against the property. Simpson v. Edens, 14 Tex.Civ.App. 235, 38 S.W. 474; Texarkana Gas & Electric Co. v. Lanier, 59 Tex.Civ.App. 198, 126 S.W. 67; Thompson v. Moor, Tex.Com. App., 14 S.W.2d 803; Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014. The defendants offered no proof that the property involved was their homestead. Indeed, defendants elicited testimony as to their residence, marital and family status and possession of the property involved; but, on objection to this testimony as being immaterial, absent pleading of homestead, said defendants' attorney limited its purpose, expressly stating, "I just want to know where he (defendant Roberson) lives and how long he has lived there * * * that all necessary parties are before the court that are in possession of this property." It will thus be seen that the defendants offered such evidence for a purpose other than as proof of homestead, i. e., to show that all necessary parties were before the court—an issue not in controversy. The court did not err in excluding the proffered testimony.

The judgment of the court below is affirmed.

Affirmed.