Noel PURDIN, Appellant,

v.

Ruth JENKINS et al., d/b/a Jan-Mar Homes, Appellees.

No. 15672.

Court of Civil Appeals of Texas.

Dallas.

July 22, 1960.

Herbert Marshall, Dallas, for appellant.

Alto B. Cervin, Dallas, for appellees.

———◆———

DIXON, Chief Justice.

Appellant Noel Purdin brought suit against appellees Ruth Jenkins, a feme sole, and Marianne Jenkins Rivas, a feme sole, partners doing business as Jan-Mar Homes, for damages in the amount of $3,650 alleged to have been caused by appellees' failure to construct a house in accordance with a written contract and accompanying plans and specifications.

Appellees in their answer alleged that about a month after the execution of the written contract the parties entered into an oral contract whereby it was agreed that Mexican tile floors would be substituted for the brick floors called for in the plans and specifications; that the contract between the parties thus became an oral contract; and that appellant's suit was barred by the two year statute of limitations.

Appellees also filed a cross-action for $3,236.25 for extras alleged to have been ordered orally by appellant and performed by appellees.

On April 28, 1959 appellees filed a motion for summary judgment on the grounds that appellant's cause of action was barred by the two year statute of limitations, Vernon's Ann.Civ.St. art. 5526, subd. 4. The motion was based on the pleadings of the parties, several affidavits, and the depositions of appellant and his wife. On June 8, 1959 the court sustained appellees' motion for summary judgment in the main suit. At the same time the court found that appellees' cross-action was also barred by limitations. Accordingly judgment was entered that appellant take nothing by his suit and that appellees take nothing by their

cross-action. Only Noel Purdin has appealed.

It is undisputed that some time in April 1955 the parties entered into a written contract whereby it was agreed that for a consideration of $27,170 appellees would build a house on a lot owned by appellant. On April 14, 1955 appellant and his wife signed a mechanic's lien contract for $20,000 providing for the construction of the house according to plans and specifications furnished by appellant and agreed to by the parties. The plans and specifications called for brick floors in all rooms except bedrooms, bathrooms and the utility room.

It is also undisputed that during the course of construction of the house the parties entered into an oral agreement providing that Mexican tile floors should be substituted for brick floors in all rooms where the specifications called for brick floors, and that tile should be laid in some places where brick was not called for.

It is further undisputed that the parties orally agreed on a number of extras and that appellees performed the extras.

Following completion of the house the mechanic's lien indebtedness of $20,000 was converted into a permanent loan secured by a first lien, and appellant and his wife moved into the house. The permanent loan and lien are in no way involved or affected by this suit.

Appellant's suit is for damages. He claims that the Mexican tile was defective. Appellant obtained bids from three contractors to replace the defective tile. The lowest bid amounted to $3,243.

The record does not show when appellant's original petition was filed. His first amended petition was filed October 28, 1958. However the case was tried on the theory that appellant's suit was originally filed more than two years after his cause of action arose. In the briefs of both parties it is obviously accepted as an undisputed fact that suit was filed more than two years after the cause of action arose. Therefore for purposes of this appeal we shall do the same.

In five points on appeal appellant contends that the court erred in sustaining appellees' motion for summary judgment because (1) appellees did not discharge their burden of showing that no fact issue existed; (2) there is a fact issue as to whether appellees breached a written contract to build a house in good workmanlike manner; (3) the mechanic's lien contract was such a contract as had to be in writing, therefore could not be altered by a subsequent oral contract; (4) there is a fact issue as to whether the parties agreed that oral changes of the contract were to take the place of the written contract; (5) in his second amended petition appellant pleads breach of the written contract, as set out in the mechanic's lien contract, alleging the particulars of numerous breaches, and appellees do not claim a new contract as to these items.

However the one main question, a question of law, which must control our decision is this: Did the parties by orally agreeing to substitute Mexican tile floors for the brick floors called for in the written contract, plans and specifications, convert the written contract into an oral contract? If the correct answer is yes, appellant's suit was barred by the two year statute of limitations, and the summary judgment was proper.

It has frequently been held that a contract may be partly in writing and partly oral. It is then regarded as a parol contract. It has also been held that where a contract is not required to be in writing the parties may subsequently enter into an oral contract modifying and changing the terms of the written contract. In such event the entire contract becomes a parol agreement, and suits based on claims arising under the agreement are barred by the two year statute of limitations. See Luglan v. Tomlin, Tex.Civ.App., 287 S.W.2d 188, and cases cited therein.

Construction contracts are not required to be in writing to be valid; and though oral they may be secured by mechanic's liens unless homesteads are involved. Arts. 5455 and 5460, Vernon's Ann. Civ.St.; 29 Tex.Jur. 495.

Appellant in his brief says that the property here involved is his homestead, therefore the contract was required to be in writing under Art. 5460, V.A.C.S.; hence the subsequent oral modification could not change the contract into a parol agreement.

We are unable to agree with appellant. There is nothing in the written contract or the plans and specifications to the effect that the property was homestead property. Appellant did not plead any homestead rights in his petition in the main suit, or in his answer to appellees' motion for summary judgment. The word homestead is not mentioned anywhere in the record except in appellant's brief on appeal. Having failed to assert any homestead character of the property appellant cannot avail himself of homestead rights. Balcomb v. Vasquez, Tex.Civ.App., 241 S.W. 2d 650; Walters v. Thompson, Tex.Civ. App., 189 S.W.2d 766; Roberson v. Home Owners' Loan Corp., Tex.Civ.App., 147 S. W.2d 949; Tucker v. Tucker, Tex.Civ. App., 140 S.W.2d 200. Occupancy of property does not ipso facto make the property a homestead. Roberson v. Home Owners' Loan Corp., supra.

The contract was not such a contract as was required to be in writing. Therefore the subsequent oral modification made it a parol agreement, which was subject to the two year statute of limitations. The summary judgment was proper.

Appellant's points of error are overruled.

The judgment of the trial court is affirmed.

CRAMER, J., not sitting.